UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

ROBERT STEVEN NICKLAY,

    Plaintiff,        Case No. 1:08-cv-329

v.                Honorable Paul L. Maloney

HARVEY HOFFMAN et al.,

    Defendants.
                /

## REPORT AND RECOMMENDATION

    This purports to be a civil rights action brought *pro se* by Robert Nicklay against the 56-A District Court and District Court Judge Harvey Hoffman. The Court has granted Plaintiff leave to proceed *in forma pauperis*, in light of his indigence. Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought under federal law *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2). An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Accordingly, an action is frivolous within the meaning of section 1915(e)(2) when it is based on either an inarguable legal conclusion or fanciful factual allegations. 490 U.S. at 325. A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, 723 (6th Cir. 2006); *Benzon v. Morgan Stanley Distrib., Inc.,* 420 F.3d 598,

605 (6th Cir. 2005). In applying these standards, the court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Applying these standards, I conclude that Plaintiff's complaint must be dismissed because both Defendants are clearly immune from suit.

## Discussion

Rule 8(a) of the Federal Rules of Civil Procedure requires all complaints to set forth a short and plain statement of the district court's jurisdiction, as well as a short and plain statement of the facts upon which the pleader relies for entitlement to relief. Plaintiff's complaint, which contains no statement of facts but only "interrogatories," does not comply with the requirements of Rule 8. Nevertheless, Plaintiff appears to claim that Judge Hoffman violated his Eighth Amendment rights by setting bail at $1,000,000 for a misdemeanor offense. He further claims that Judge Hoffman denied his right of access to the courts by ignoring pleadings that Plaintiff properly filed in 56-A District Court regarding his criminal conviction. For relief, Plaintiff seeks damages of $1,000,000.

The 56-A District Court is immune from suit under Eleventh Amendment principles. The Eleventh Amendment bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. A state's Eleventh Amendment immunity from suit in the federal courts is in the nature of a jurisdictional defense. *See Edelman v. Jordan*, 415 U.S. 651, 678 (1974). The Court may therefore raise Eleventh Amendment immunity on its own motion. *See Estate of Ritter v. Univ. of Mich.*, 851 F.2d 846 (6th

Cir. 1988). The district courts of the State of Michigan are clearly arms of the state and are therefore immune from suit. Under the Michigan Constitution, the judiciary is a separate and independent branch of state government. *See Judicial Attorneys Ass'n v. State of Michigan*, 586 N.W.2d 894, 897-98 (Mich. 1998). Each state court is part of the "one court of justice" established by the Michigan Constitution. MICH. CONST. art. VI, § 1; *see Smith v. Oakland County Circuit Court*, 344 F. Supp.2d 1030, 1055 (E.D. Mich. 2004). The district courts are part of the state government, not the county or the city. *Judges of the 74th Judicial Dist. v. Bay County*, 190 N.W.2d 219, 224 (Mich. 1971). The Sixth Circuit has squarely held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity. *See Abick v. State of Michigan*, 803 F.2d 874 (6th Cir. 1986). The Sixth Circuit's decision is but one of numerous federal court holdings recognizing Eleventh Amendment immunity in suits brought against the state courts. *See Harmon v. Hamilton County Court of Common Pleas*, 83 F. App'x 766, 768 (6th Cir. 2003); *Metz v. Supreme Court of Ohio*, 46 F. App'x 228, 236-37 (6th Cir. 2002); *Mumford v. Basinski*, 105 F.3d 264, 268-70 (6th Cir. 1997); *see also Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007); *Zabriski v. Court Admin.*, 172 F. App'x 906, 908 (11th Cir. 2006); *Wilson v. Puma County Superior Court*, 103 F. App'x 285, 286 (9th Cir. 2004); *Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995). Furthermore, civil rights actions under 42 U.S.C. § 1983 may only be brought against a "person," and courts are clearly not persons within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). The 56-A District Court must therefore be dismissed on grounds of Eleventh Amendment immunity.

Judge Hoffman is immune from Plaintiff's damage suit under the doctrine of absolute judicial immunity. State judges enjoy absolute immunity from federal damage suits for acts

performed in their judicial capacities, except for acts done in the clear absence of jurisdiction. *See Pierson v. Ray*, 386 U.S. 547 (1967); *Alkire v. Irving*, 305 F.3d 456, 469 (6th Cir. 2002). A claim that the state court judge acted "maliciously or corruptly" and in excess of his jurisdiction is insufficient to overcome judicial immunity.

> "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 351, 20 L.Ed. 646 (1872). This immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights. *See Pierson v. Ray*, 386 U.S. 547, 554-55, 87 S. Ct. 1213, 18 L.Ed.2d 288 (1967). The Supreme Court explained: "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits. The resulting timidity would be hard to detect or control, and it would manifestly detract from independent and impartial adjudication.... Most judicial mistakes or wrongs are open to correction through ordinary mechanisms of review, which are largely free of the harmful side-effects inevitably associated with exposing judges to personal liability." *Forrester v. White*, 484 U.S. 219, 226-27, 108 S. Ct. 538, 98 L.Ed.2d 555 (1988).

*Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001).

The Supreme Court has made it clear that absolute judicial immunity is overcome "in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). First, a judge is not immune for non-judicial actions, *i.e.*, actions not taken in a judicial capacity. *Id.* Second, a judge is not immune for actions, although judicial in nature, done in complete absence of all jurisdiction. *Id.* at 12. In determining whether certain conduct is judicial in nature, the court must adopt a functional approach, asking whether the act is one normally performed by a judge. *Stump v. Sparkman*, 435 U.S. 349, 362 (1978); *Barnes v. Winchell*, 105 F.3d 1111, 1116 (6th Cir. 1997).

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. Plaintiff's claims against Judge Hoffman appear to arise from criminal proceedings against Plaintiff in the 56-A District Court. There is no doubt that presiding over the criminal

proceedings was a judicial act and that Judge Hoffman was acting within his jurisdiction in doing so. He is therefore entitled to the protection of absolute judicial immunity from damage suits, even if his conduct was malicious or corrupt. *Stern*, 262 F.3d at 606.

### Recommended Disposition

Both Defendants are clearly immune from Plaintiff's damage suit in the federal courts. I therefore recommend that Plaintiff's complaint be dismissed with prejudice on grounds of immunity pursuant to 28 U.S.C. § 1915(e)(2). I further recommend that leave to appeal *in forma pauperis* on appeal be denied pursuant to 28 U.S.C. § 1915(a)(3).


Date:  May 21, 2008                                    /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).