UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT STEPHEN NICKLAY,
        Plaintiff,

                                      Case No. 1:08-cv-329

-v-

                                      HONORABLE PAUL L. MALONEY
                                      HONORABLE ELLEN S. CARMODY

HARVEY HOFFMAN et al.,
        Defendants.

ORDER ACCEPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

This Court has before it a Report and Recommendation (Dkt. No. 17) and Plaintiff Nicklay's objection (Dkt. No. 20). Plaintiff filed suit against a state court judge and the state court alleging the bail amount was excessive. Plaintiff also alleged the state court judge denied him access to the court by ignoring various motions. Magistrate Judge Carmody recommends dismissing Plaintiff's complaint because the judge is immune from Plaintiff's suit under the doctrine of judicial immunity. Magistrate Judge Carmody also concludes the court, as an arm of the State of Michigan, is immune from suit under the Eleventh Amendment.

After being served with a Report and Recommendation (R&R) issued by a Magistrate Judge, a party has ten days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those

portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984. *See also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).

In his objection, Plaintiff asserts Judge Hoffman acted in clear absence of jurisdiction when he established an unreasonable bond. Plaintiff concedes when a bond is set, the judge acts within his or her judicial capacity. Plaintiff contends when the bond is excessive, it is set in complete absence of all jurisdiction. Plaintiff does not object to the conclusion that the Eleventh Amendment bars his suit against the court itself.

Plaintiff fails to support his distinction with any legal authority. Setting bond clearly falls within the scope of judicial conduct. Accordingly, Judge Hoffman is entitled to absolute judicial immunity. This result is consistent with a number of recent unpublished decisions. *See Grant v. Hartery*, No. 2:06-cv-429-FtM-34DNF, 2008 WL 786328 (M.D. Fla. March 20, 2008) (rejecting Plaintiff's assertion that the state judge was not entitled to judicial immunity because the charges levied against Plaintiff were unconstitutional and the bail imposed was excessive and therefore the judge acted without jurisdiction); *Richardson v. Constanzo*, No. 2:07-3554-PDM-RSC, 2008 WL 190753 (D.S.C. Jan. 17, 2008) (order adopting report and recommendation where the report and recommendation concluded Plaintiff's allegation of a violation of the Eighth Amendment because the state judge imposed allegedly excessive bail should be dismissed because the judge was entitled

to absolute immunity); *Jackson v. Mizzola*, No. 5:07-cv-156, 2007 WL 2212669 (M.D. Ga. July 30, 2007) (finding the magistrate judge in state court was entitled to immunity because she was acting within her judicial capacity on the allegation that bail was excessive); *Rayner v. Rees*, No. 3:07-cv-P124-S, 2007 WL 2000080 (W.D. Ky. June 28, 2007) (rejecting, on the basis of judicial immunity, Plaintiff's claims for monetary damages that the state court judges violated his rights by setting excessive bail).

Accordingly, the Report and Recommendation (Dkt. No. 17) is **ACCEPTED OVER OBJECTIONS.** Plaintiff's outstanding motions (Dkt. Nos. 4, 8, 9, 10, and 12) are **DENIED WITHOUT PREJUDICE AS MOOT.** This action is **TERMINATED. IT IS SO ORDERED.**

Date:   May 29, 2008              /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  United States District Judge